IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| LEE A. RICHARDSON-GREENAN,<br><br>Appellant,<br><br>v.<br><br>CAUSEY LAW FIRM; CAUSEY WRIGHT LAW FIRM; BRIAN WRIGHT, ESQ.,<br><br>Respondents. | No. 87023-8-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

CHUNG, J. — Lee Richardson-Greenan appeals the trial court's denial of her request for GR 33 accommodation and entry of summary judgment dismissing her legal malpractice claim. She contends that the trial court's failure to appoint counsel as a GR 33 accommodation required her to litigate pro se despite her significant physical and cognitive disabilities. While Richardson-Greenan established that she is a person with a disability, there is no dispute that appointment of counsel for the civil litigation was financially infeasible for the court. The court did not err in denying her requested accommodation. We affirm.

FACTS

Lee Richardson-Greenan hired attorney Brian Wright, of Causey Wright, Inc., P.S.,[1] to represent her before the Washington Department of Labor and Industries (L&I) regarding her work-related injury claims. Wright served as her attorney from April 4,

---

[1] Richardson-Greenan identifies the law firm as "Causey Law Firm" and "Causey Wright Law Firm." We use the name that Respondent states is their correct name, Causey Wright, Inc., P.S.

2014, until he terminated his representation on July 26, 2018.

"[A]fter discovering that [her] requests for communications to L&I be in writing were not carried out and that much of [the] communication was via phone," Richardson-Greenan requested the data from the firm's communication database pertaining to her claims. In August 2019, she filed a petition for a vulnerable adult protection order (VAPO) to prohibit Wright and the firm from "keeping all requested records." On September 9, 2019, the court ordered Wright and his staff at the firm to produce all data in their database related to Richardson-Greenan's claim with L&I.

In July 2021, pursuant to GR 33, Richardson-Greenan submitted a request for reasonable accommodation due to disability to the King County Superior Court, seeking appointment of an attorney to help file a legal malpractice claim against Wright. The court found that Richardson-Greenan had proven mental and emotional disabilities but that it could not accommodate her request for free legal representation. The court cited a lack of finances, noting "[a] malpractice lawsuit is an expensive endeavor and would likely take a year or more to prosecute. Fees on an hourly rate for such a case would be tens if not hundreds of thousands of dollars." Additionally, "finding an attorney less than a week before the statute of limitations runs will be an administrative burden on this Court."

Richardson-Greenan filed a pro se complaint for legal malpractice against Wright, "Causey Law Firm," and "Causey Wright Law Firm" on July 19, 2021. On February 11, 2022, Wright and his law firm (together, Wright) filed a motion for summary judgment and dismissal with prejudice arguing that Richardson-Greenan had failed to properly serve the summons and complaint before the statute of limitations on the claim

2

expired. Richardson-Greenan responded that issues constituting legal malpractice could not have been discovered until September 2019, after Wright produced the data pursuant to the court order and, as a result, the statute of limitations would not expire until September 2022. Richardson-Greenan requested that if the court granted Wright's motion for summary judgment, that it do so without prejudice to allow her to refile the lawsuit before the statute of limitations expired. The trial court granted summary judgment in favor of Wright and dismissed the claim without prejudice.

Richardson-Greenan filed a new pro se complaint for legal malpractice against the same defendants on September 2, 2022. On September 12, 2022, Richardson-Greenan's husband, Kevin Greenan, filed a request for reasonable accommodation with the King County Superior Court seeking legal representation prior to and during trial. Greenan explained that Richardson-Greenan had significant physical and cognitive disabilities and multiple diagnoses, supported by medical documentation. He stated that "[d]ue to Covid we have spent 2+yrs unsuccessfully trying to hire an attorney w/ refusals due to workload or conflict."

The trial court again denied the request for appointed counsel, noting the factors GR 33(c) required it to consider, including the feasibility of the requested accommodation and whether it would create an undue financial or administrative burden on the court. The judge explained that the court's financial situation had not changed significantly since the request was denied in July 2021, and "[t]he court does not have the financial ability to provide a court-appointed attorney for the Plaintiff in a legal malpractice lawsuit. This re-filed malpractice lawsuit will likely be an expensive endeavor." The court cited Greenan's own acknowledgment in the GR 33 request that

they had spent two years unsuccessfully trying to hire an attorney and noted, "This statement suggests that you can pursue/obtain legal services without court assistance."[2] The court concluded that it could not afford to appoint an attorney as an accommodation.

In June 2023, Wright filed a motion for summary judgment arguing that Richardson-Greenan had failed to serve the summons and complaint, the claims were time-barred, and she could not establish all required elements of a legal malpractice claim. During two subsequent hearings, the trial court found "that there is reason to believe that the Plaintiff may not have the ability to comprehend the significance of legal proceedings and the effect and relationship of such proceedings in terms of her best interest."[3] The court appointed a guardian ad litem (GAL) "[t]o investigate and issue a report making recommendations regarding whether the Plaintiff is competent to appear in this proceeding without the appointment of a litigation *Guardian ad Litem* or an attorney to represent [her]." The court also entered a written "Order re GR 33 accommodation" on August 23, 2023, noting a pending request for appointment of an attorney pursuant to GR 33. Referring to an oral ruling from August 4, 2023, the August 23 order stated, "additional issues have arisen that need to be addressed or clarified before a determination on the GR 33 accommodation," and the GAL report "would provide clarification as to whether the requestor is changing or altering their requested relief under GR 33 or if there is an alternative basis for the appointment of the GAL."

---

[2] In March 2023, Richardson-Greenan filed an untimely "appeal" of this decision in the superior court.

[3] Richardson-Greenan did not provide verbatim reports of proceedings for our review on appeal. Included details and statements from the hearings cited here are memorialized in written orders in the record.

The court ordered that the GR 33 accommodation request remain open but stayed pending the GAL report.

The GAL met with Richardson-Greenan and Greenan and reviewed the medical records and the legal documents in the case. The GAL reported:

> Based upon my interviews, it would be impossible for Ms. Richardson-Greenan to prosecute her own case. At most, she will be able, and only at her better times, to assist a counsel or litigation GAL who would need to argue the case, make decisions, cross-examine witnesses and parties and the like. There is simply no way for the plaintiff to pursue the case as a pro se,[] due to her near-total inability to communicate verbally in a way that is understood by the trier of fact.

The GAL concluded, "Lee Richardson-Greenan needs the assistance of an Attorney and possibly also a Litigation Guardian ad Litem in order to prosecute this action. Such should be provided at public expense."

In December 2023, the trial court held a hearing to determine competency and whether to appoint a litigation GAL. After considering medical evidence and the report of the GAL, the trial court appointed a litigation GAL. The court found that Richardson-Greenan "is not competent, and appointment of a Litigation GAL is appropriate pursuant to RCW 4.08.060." The court charged the GAL with assessing Richardson-Greenan's financial resources and the viability of her claims, as well as providing an estimate of the number of hours for non-GAL legal representation through the pendency of the case. The court also ordered the litigation GAL "to seek and to attempt to obtain an attorney for the Plaintiff (paid by the Plaintiff) or, if, after determining that the Plaintiff cannot afford to retain an attorney, return to court to obtain approval for county funds." The court specifically "issued the order pursuant to RCW 4.08.060, not pursuant to GR 33."

The litigation GAL reported that he had not received any financial information from Richardson-Greenan or her husband, but a public records search revealed that they had equity in their real property that could act as collateral for a loan to hire an attorney. He opined, "Until such time as Plaintiff and her husband provide me with their financial information, I believe that they at least have the resources to consult with an attorney or attorneys as to the legal malpractice claim." As to the legal malpractice claim, the litigation GAL concluded that based on review of the pleadings, "it appears that Plaintiff has some significant challenges with respect to the Statute of Limitation. There may be options available to her based on her circumstances at the time Defendant's firm withdrew, and I recommend that the Court consider whether a guardianship/conservatorship is warranted."

After the litigation GAL filed the report, Richardson-Greenan emailed the trial court a letter with the subject line "Confidential declaration based on Continued Violation & Discrimination of my Title II ADA & GR33 Rights to privacy and overreach." Richardson-Greenan objected to the litigation GAL's opinion as to her financial ability to pursue the litigation. At the conclusion of the message, Richardson-Greenan noted that the lengthy message "took [her] 16 hours to piece together one word at a time to submit this declaration and request to the court because of [her] disabilities."

The court considered the email from Richardson-Greenan and the report from the litigation GAL and concluded that Richardson-Greenan was competent. The court stated:

> At today's hearing, the Court asked the Plaintiff multiple questions to ascertain whether the Plaintiff actually wrote the email herself. Based upon the Plaintiff's responses, the Court is satisfied that the Plaintiff wrote the entire email. As a result, the Court amends its finding issued on

6

1/10/24. The Court now finds that the Plaintiff can comprehend the significance of legal proceedings and the effect and relationship of such proceedings in terms of her best interest; the Plaintiff is competent pursuant to RCW 4.08.060.

As a result of the finding of competency, the trial court discharged the litigation GAL.

Despite determining that Richardson-Greenan was competent, the court found that, based on observations throughout the proceedings and the medical information, "accommodations pursuant to GR 33 are appropriate." The court set an extended timeline for Richardson-Greenan to respond to Wright's pending motion for summary judgment and ordered the parties to submit their arguments regarding the motion in writing rather than orally. As to the GR 33 request for an attorney, the court stated that if Richardson-Greenan "wishes to pursue her request for appointment of counsel as an accommodation pursuant to GR 33, she is advised to contact the King County Superior Court's GR 33 Coordinator."

As to Wright's motion for summary judgment, the trial court determined that Wright had not been properly served in his individual capacity, the statute of limitations had expired, and Richardson-Greenan had not presented evidence establishing a genuine dispute as to all four elements of her legal malpractice claim. Accordingly, the court granted summary judgment in favor of Wright and dismissed the claims.

Richardson-Greenan appeals.[4]

---

[4] Greenan submitted a request to this court for accommodation pursuant to GR 33 on behalf of Richardson-Greenan. Greenan sought "[l]egal representation to prepare briefs, responses, etc. since Appellant cannot represent herself and I cannot as a non-attorney." The court entered a notation ruling stating "[a]ppointment of counsel as an accommodation in this civil case risks fundamentally changing the nature of appellate court services (see GR 33 (c)(2)(D)). Therefore, the request is denied." Greenan filed a motion to modify the ruling which was also denied.

DISCUSSION

On appeal, Richardson-Greenan challenges the trial court's denial of her request for appointment of counsel as a reasonable accommodation under GR 33. Though she also appeals the entry of the order granting summary judgment and dismissing her case, her argument pertains solely to the trial court's denial of her GR 33 request. She contends that the trial court's improper denial of her GR 33 request for reasonable accommodation ultimately resulted in the need for her to proceed pro se despite her severe medical and cognitive disabilities.

GR 33 allows for persons with disabilities to make requests for "measures to make each court service, program, or activity, when viewed in its entirety, readily accessible and usable by a person with a disability." GR 33(a)(1). Those measures may include, but are not limited to:

> (A) making reasonable modifications in policies, practices, and procedures;
> (B) furnishing, at no charge, auxiliary aids and services, including but not limited to equipment, devices, materials in alternative formats, qualified interpreters, or readers; and
> (C) as to otherwise unrepresented parties to the proceedings, representation by counsel, as appropriate or necessary to making each service, program, or activity, when viewed in its entirety, readily accessible to and usable by a person with a disability.

Id. In determining whether to grant an accommodation and what type, the court must consider the provisions of local, state, and federal laws, "give primary consideration to the accommodation requested by the applicant," and make its decision "on an individual- and case-specific basis with due regard to the nature of the applicant's disability and the feasibility of the requested accommodation." GR 33(c)(1). The court may deny a request for accommodation only if the person requesting has failed to

8

satisfy the substantive requirements of the rule, the court is unable to provide the requested accommodation on the date of the proceeding which cannot be continued, participation in the proceedings with the accommodation would create a direct threat to the health or well being of the applicant or others, or

> (D) the requested accommodation would create an undue financial or administrative burden for the court; or would fundamentally alter the nature of the court service, program or activity under (i) or (ii):
> (i) An accommodation may be denied based on a fundamental alteration or undue burden only after considering all resources available for the funding and operation of the service, program or activity, and must be accompanied by a written statement of the reasons for reaching that conclusion.
> (ii) If a fundamental alteration or undue burden would result from fulfilling the request, the court shall nevertheless ensure that, to the maximum extent possible, individuals with disabilities receive the benefits or services provided by the court.

GR 33(c)(2).

"[A] party is entitled to challenge the application of GR 33 in an appeal of the same proceeding in which the GR 33 accommodations were sought." Matter of Marriage of McCann, 4 Wn. App. 2d 896, 907, 424 P.3d 234 (2018). The interpretation of GR 33 is a question of law reviewed de novo. Id. at 908. But Richardson-Greenan does not challenge the interpretation of GR 33. Instead, she challenges the trial court's factual determination as to whether she is a disabled person and the feasibility of her requested accommodation. "When the trial court has weighed the evidence, our review is limited to determining whether substantial evidence supports the findings." Id. at 910. Additionally, where, as here, " 'the trial court is generally in a better position than the appellate court to make a given determination,' " that " 'determination is fact intensive and involves numerous factors to be weighed on a case-by-case basis,' " and " 'the trial court has more experience making a given type of determination and a greater

understanding of the issues involved,' " we review a trial court's decision for abuse of discretion.[5] Matter of Guardianship of L.C., 28 Wn. App. 2d 766, 771-72, 538 P.3d 309 (2023) (quoting State v. Sisouvanh, 175 Wn.2d 607, 621, 290 P.3d 942 (2012)). A trial court abuses its discretion if a decision is manifestly unreasonable or based on untenable grounds or untenable reasons. In re Marriage of Littlefield, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997).

Richardson-Greenan claims that she made "multiple requests for reasonable accommodation" under GR 33. However, the record includes only one request for accommodation related to the current litigation, dated September 12, 2022. While the court's "Order re GR 33 Accommodation" dated August 23, 2023, refers to a pending request for accommodation, the record does not include any additional requests for GR 33 accommodation or the verbatim reports of proceedings for hearings alluded to in the orders. Other than the September 2022 order denying appointment of counsel, the appellate record contains only one additional order related to a GR 33 accommodation for this lawsuit—the order finding Richardson-Greenan competent, in which the court made accommodations to the briefing schedule. The orders appointing the GALs and assessing competency were entered pursuant to RCW 4.08.060, not GR 33. "[T]he appellant bears the burden of perfecting the record so that we have before us all of the evidence relevant to deciding the issues presented." Yorkston v. Whatcom County, 11 Wn. App. 2d 815, 824, 461 P.3d 392 (2020). Therefore, our consideration is limited to the September 2022 request for accommodation and the court's denial of that request.

---

[5] For example, a court's decision to waive filing fees on the basis of indigency under GR 34 is reviewed for abuse of discretion. See Jones v. Washington State Dep't of Lab. & Indus., 17 Wn. App. 2d 437, 444, 486 P.3d 949 (2021).

In the court's September 2022 order denying the request for accommodation, it determined that Richardson-Greenan "has specified sensory, mental, and/or physical disability as defined by GR 33." The court agreed that she was a person with a disability for the purpose of accommodation under GR 33.[6]

After finding Richardson-Greenan eligible for GR 33 accommodation, the trial court then considered her specific request. "The request for an attorney appointment pursuant to GR 33(c)(1)(C) requires the court to consider many factors including the feasibility of the requested accommodation." The court then concluded the requested accommodation was financially infeasible, reasoning as follows:

> The financial situation of the court has not changed significantly since this request was denied in July 2021. The court does not have the financial ability to provide a court-appointed attorney for the Plaintiff in a legal malpractice lawsuit. This re-filed malpractice lawsuit will likely be an expensive endeavor. The litigation in the 21-2-09530-1 SEA case spanned eight months and involved briefing and hearings that eventually ended in dismissal. Even with this as a re-filing the costs of this litigation, particularly given that it was previously litigated, is likely to remain high as it appears to be relitigating a prior judicial decision. The procedural posture of this case inherently creates higher costs. Hourly fees for this type of case in this procedural posture would likely be very high.

The court concluded, "Ultimately, the court cannot afford such an undertaking, which remains true as we navigate the Covid-19 pandemic and operations."

---

[6] Richardson-Greenan also argues that "the trial court subverted the requirements of GR 33 by substituting its own observations of Plaintiff for the conclusions of medical and mental health professionals." But other than the September 2022 order denying appointment of counsel as a GR 33 accommodation, the trial court's orders were entered pursuant to the GAL statute, RCW 4.08.060, which requires that "[w]hen an incapacitated person is a party to an action in the superior courts he or she shall appear by guardian," and, if the party has no guardian, the court must appoint a GAL. The court appointed the litigation GAL after finding Richardson-Greenan "not competent" based on the investigative GAL report, medical information, and observation. After the GAL submitted their report, the court entered its order finding Richardson-Greenan competent and discharging the litigation GAL under RCW 4.08.060 rather than GR 33. In the order finding her competent, the court also sua sponte provided GR 33 accommodation by extending the briefing schedule and advised Richardson-Greenan to contact GR 33 coordinator for the superior court to further pursue appointment of counsel as an accommodation.

Richardson-Greenan does not challenge these findings as to the court's financial situation. Unchallenged findings of fact are verities on appeal. In re Est. of Jones, 152 Wn.2d 1, 8, 93 P.3d 147 (2004). GR 33(c)(2)(D) allows the court to deny a request for accommodation if "after considering all resources available for the funding and operation of the service," the requested accommodation "would create an undue financial . . . burden for the court." As provided in the statute, the court considered the likely cost of the litigation and the available resources. Given the undisputed finding that the court could not afford to fund legal representation in the civil malpractice claim, the trial court did not abuse its discretion by denying Richardson-Greenan's requested accommodation.

Richardson-Greenan raises no additional arguments to support her contention that the trial court erred by entering summary judgment in favor of Wright and dismissing her claim.

CONCLUSION

We affirm.

_____
Chung, J.

WE CONCUR:

_____
Birk, J.

_____